IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ROBERT K. MARINARO, d/b/a SUNNY FRESH PRODUCE, : : : Plaintiff : : v. : : TREMONT PRODUCE, INC., et. al., : : Defendants : : | 1:06-CV-30 (WLS) |

### ORDER

Before the Court is Plaintiff's Motion to Compel. (Doc. 30). For the following reasons, Plaintiff's Motion to Compel (Doc. 30) is **GRANTED-IN-PART**, **DENIED-IN-PART AS MOOT**, and **DENIED-IN-PART**.

### DISCUSSION

Plaintiff moves the Court to compel Defendants to respond to Plaintiff's discovery requests and to submit their initial disclosures. (Doc. 30). Plaintiff also moves for sanctions based on Defendants' alleged noncompliance with the Federal Rules of Civil Procedure. *Id*. On June 13, 2006, Plaintiff submitted its Request for Production of Documents via mail. (Docs. 30, 31). Pursuant to Fed. R. Civ. P. 34(b), Defendants had thirty (30) days after service of Plaintiff's Request to serve a written response to the same. As Defendants correctly note, they were afforded three (3) additional days within which to respond to Plaintiff's Request because service was made by mail. *See* Fed. R. Civ. P. 5(b)(2)(B), 6(e). On July 13, 2006, thirty days after service, Plaintiff's counsel submitted a letter to Defendants' counsel via fax demanding responses to its Requests. (Docs. 30, 31). The parties have neither alleged nor produced any evidence suggesting that Defendants responded to Plaintiff's July 13, 2006 letter. *See id*. Plaintiff filed the subject Motion to Compel on July 21, 2006. Thereafter, on July 27, 2006,

Defendants allege to have "fully and completely" complied with Plaintiff's discovery requests.[1]

Based on the foregoing, it is found that Defendants' alleged compliance with Plaintiff's discovery requests renders the subject motion moot as to Plaintiff's request to compel responses to Plaintiff's Request for Production of Documents.[2]  It is further found in light of Defendants' compliance within days of Plaintiff's motion that sanctions are not warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel (Doc. 30) is **DENIED-IN-PART AS MOOT** as to Plaintiff's request to compel responses to Plaintiff's Request for Production of Documents, **DENIED-IN-PART** as to Plaintiff's request for sanctions with respect to the production of records, **GRANTED-IN-PART** to the extent that Defendants have not submitted said initial disclosures by the date of this Order, and **GRANTED-IN-PART** as to Plaintiff's request for sanctions with respect to Defendants' failure to timely produce the initial disclosures. Plaintiff may submit its requests for reasonable costs and attorney fees with respect thereto within ten (10) days of entry of this Order.  Defendants may file objections within ten (10) days of service of Plaintiff's request.

**SO ORDERED**, this  5th  day of September, 2006.

                /s/W. Louis Sands               
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Notably, Defendants do not assert to have submitted their initial disclosures as required by Fed. R. Civ. P. 26(a)(1) and the Court's Rules 16/26 Order of March 30, 2006. (Doc. 18). To the extent that Defendants have not submitted their initial disclosures by the date of this Order, Plaintiff's Motion to Compel (Doc. 30) should be granted.

[2] Plaintiff does not alleged or otherwise suggested that Defendants did not fully comply with Plaintiff's discovery requests on July 27, 2006.